UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SPEIRA GMBH, <br> AS SUCCESSOR-IN-INTEREST TO <br> HYDRO ALUMINIUM ROLLED PRODUCTS GMBH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 25-00218 <br><br> PUBLIC VERSION |

**COMPLAINT**

Plaintiff Speira GmbH, as successor-in-interest to Hydro Aluminium Rolled Products GmbH, by and through counsel, and for its Complaint against Defendant the United States, alleges as follows:

**JURISDICTION**

1. This Court's jurisdiction arises under 28 U.S.C. § 1581(a), and this action is filed within the time limits prescribed by 28 U.S.C. § 2636(a)(1).

2. On October 29, 2024, Plaintiff timely filed Protest No. 160124107274. On November 5, 2024, Plaintiff timely filed Protest No. 16012407281.

3. On April 16, 2025, U.S. Customs and Border Protection ("CBP"), denied Protest No. 160124107274 and denied Protest No. 16012407281.

4. On June 6, 2025, and June 7, 2025, plaintiff, timely made requests to CBP to 1) set aside the denial of its application for further review and 2) to void the denial of Protest No. 16012407281 and Protest No. 160124107274, respectively. 19 U.S.C. §§ 1515(c) and 1515(d)

1

5. CBP assigned the requests of Protest No. 160124107274 case number H349130 and Protest No. 16012407281 case number H350724. CBP, however, did not act within 60 days after the 19 U.S.C. § 1515(c) request, and the request is considered denied.

6. On October 6, 2025, Plaintiff filed a Summons challenging CBP's protest decisions.

7. All duties and taxes are paid.

8. Jurisdiction over all or part of the subject matter of this action is based upon plaintiff's timely protests, CBP's decision to deny the protests, and plaintiff's timely filed Summons.

## PARTIES

9. Speira GmbH is the current U.S. importer of record and Hydro Aluminium Rolled Products GmbH ("HARP") was the U.S. importer of record at the time of entry. Plaintiff is referred to herein as plaintiff or HARP, now known as Speira.

10. Plaintiff is registered in Mönchengladbach, Germany, and its headquarters are located at Aluminiumstrasse 1 41515 Grevenbroich, NRW, Germany. Plaintiff is a U.S. importer of record and is owned by the U.S. based private investment fund firm KPS Capital Partners.

11. Defendant, United States, is the proper party for the decision taken by CBP, a constituent agency of the U.S. Department of Homeland Security.

## STANDING

12. Plaintiff is the real party in interest who filed the underlying protests that CBP denied and on this basis has standing to bring this action. 28 U.S.C. § 2631(a).

13. Plaintiff's claims are within the "zone of interests" of the underlying statute, 19 U.S.C. §1514(a), which addresses judicial review of disputes over the amount of duties

chargeable, all charges or exactions imposed by CBP, and the liquidation or reliquidation of entries.

## TIMELINESS OF ACTION

14.     Plaintiff commenced this action by filing a Summons on October 6, 2025. The original denial of Protest No. 160124107274 and Protest No. 16012407281 was on April 16, 2025. The Summons was therefore timely filed pursuant to 28 U.S.C. § 2636(a)(1), and pursuant to Rule 3(a)(1) of the Rules of the United States Court of International Trade ("USCIT"). Section 2636(a)(1) of Title 28 requires that, in actions contesting CBP's denial of protest determinations described in Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515), the Summons must be filed within one hundred and eighty days after the date of mailing of notice of denial of a protest. 28 U.S.C. § 2636(a)(1). The Complaint is filed concurrently with the Summons. Thus, plaintiff's Summons and Complaint are timely filed pursuant to 28 U.S.C. § 2636(a)(1) and USCIT Rules 3(a)(1) and 83.

## FACTUAL BACKGROUND

15.      Between the period October 15, 2020, through March 31, 2022, HARP, and the renamed importer Speira, made entries of certain common alloy aluminum sheet merchandise from Germany produced and exported by itself, HARP, now known as Speira, that it sold to different and various customers in the United States.

16.     On April 7, 2020, the U.S. Department of Commerce ("Commerce") published an initiation notice of the investigation on the merchandise in the protested entries, *i.e.*, common alloy aluminum sheet ("CAAS") merchandise from Germany. *See Common Alloy Aluminum Sheet From Bahrain, Brazil, Croatia, Egypt, Germany, Greece, India, Indonesia, Italy, Republic of Korea, Oman, Romania, Serbia, Slovenia, South Africa, Spain, Taiwan and the Republic of*

3

*Turkey: Initiation of Less-Than-Fair-Value Investigations,* 85 Fed. Reg. 19445 (Dep't of Commerce April 7, 2020). The antidumping case number for CAAS from Germany is A-428-849.

17. On October 15, 2020, Commerce published the preliminary affirmative determination in the CAAS from Germany antidumping duty investigation wherein Commerce calculated an ad valorem cash deposit rate of 352.71 percent for estimated antidumping duties on the subject CAAS merchandise produced or exported by HARP, now known as Speira. *See Common Alloy Aluminum Sheet From Germany: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 85 Fed. Reg. 65386, 65387 (Dep't of Commerce Oct. 15, 2020).

18. HARP made the entries of CAAS at issue in the protests between October 2020 through December 2020, and paid the estimated antidumping duty cash deposit at the 352.71 percent ad valorem rate at entry.

19. The entries of CAAS at issue in the protests were all sold to the same, single, U.S. customer. The two (2) entries of Protest No. 160124107274 were made as Type 21 - Warehouse entries and withdrawn from warehouse by Type 34 - Warehouse Withdrawal - Antidumping/Countervailing Duty entries with antidumping duty deposits made at the ad valorem cash deposit rate of 352.71 percent. The twenty-four (24) entries of Protest No. 16012407281 were made as Type 03 - Consumption - Antidumping/Countervailing Duty entries and Type 21 - Warehouse entries and withdrawn from warehouse by Type 34 - Warehouse Withdrawal - Antidumping/Countervailing Duty entries with antidumping duty deposits made at the ad valorem cash deposit rate of 352.71 percent.

20. On March 8, 2021, Commerce published the final affirmative determination of sales at less than fair value in the CAAS from Germany investigation and thereafter on April 27, 2021, Commerce published an antidumping duty order. *See Common Alloy Aluminum Sheet From Germany: Final Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 13318 (Dep't of Commerce Mar. 8, 2021); *Common Alloy Aluminum Sheet from Bahrain, Brazil, Croatia, Egypt, Germany, India, Indonesia, Italy, Oman, Romania, Serbia, Slovenia, South Africa, Spain, Taiwan, and the Republic of Turkey: Antidumping Duty Orders,* 86 Fed. Reg. 22139 (Dep't of Commerce April 27, 2021) (the "Order").

21. The United States uses a retrospective assessment system under which final liability for antidumping duties is determined after merchandise is imported and, in a Commerce, administrative review of antidumping duty orders covering a discrete period of time. 19 C.F.R. § 351.212.

22. HARP, now known as Speira, participated in the Commerce annual administrative review of the Order covering the sales of the subject CAAS merchandise made for entry during the October 15, 2020 through March 21, 2022 review period (first review period), and so specifically the entries at issue in the protests made October 2020 through December 2020. *See Common Alloy Aluminum Sheet From Germany: Final Results of Antidumping Duty Administrative Review; 2020–2022*, 88 Fed. Reg. 77556 (Dep't of Commerce Nov. 13, 2024) ("Final First Review"). By operation of law, liquidation of the entries at issue was suspended until Commerce completed the administrative review and instructed CBP to liquidate the entries. *See* 19 U.S.C. § 1504(d); *see also* § 1673b(d)(2) (requiring suspension of liquidation of entries following affirmative preliminary determination of sales at less than fair value); 19 U.S.C. § 1675(a)(2)(C) (review determination establishes basis for assessment of antidumping duties).

23.     The Commerce administrative review covered both sales by HARP and its successor-in-interest, Speira, in calculating the antidumping duty assessment rate. Commerce explained the mid-review name change of HARP to Speira in finding Speira the successor-in-interest to HARP.

> Commerce initiated this administrative review with respect to four companies, including Hydro Aluminium Rolled Products GmbH (HARP) and Speira GmbH (Speira).{footnote omitted} Speira reported that during the POR {period of review}, ''HARP assumed new ownership and took on the name of Speira GmbH.''{footnote omitted} We have analyzed record information regarding changes in HARP's management, manufacturing facilities, customers, and suppliers, and preliminarily determine that Speira is the successor-in-interest to HARP. Accordingly, we have treated HARP and Speira as the same company in our analyses in this review.

*Common Alloy Aluminum Sheet from Germany: Preliminary Results of Antidumping Duty Administrative Review; 2020–2022*, 88 Fed. Reg. 30087 n. 6 (Dep't of Commerce May 10, 2023), (citing the Commerce Preliminary Decision Memorandum and the HARP, now known as Speira, Letter, ''Section A Response,'' dated September 30, 2022, at 1) unchanged in the final. *See* Final First Review, 88 Fed. Reg. 77556 (Dep't of Commerce Nov. 13, 2023) .

24.     The subject CAAS merchandise of Protest No. 160124107274 and Protest No. 16012407281 were imported by HARP between October 2020 through December 2020, the beginning of the review period and were not entered by the renamed importer Speira.

25.     On November 13, 2023, Commerce published the final results of the administrative review of the Order, which, in relevant part, determined that the subject CAAS merchandise made by HARP, now known as Speira, and covered by the October 15, 2020 through March 21, 2022 review period, had been dumped at a weighted-average rate of 16.42 percent ad valorem, a rate less than the 352.71 percent deposit rate. *See* Final First Review, 88

Fed. Reg. 77556 (Dep't of Commerce Nov. 13, 2023). In short, HARP overpaid the antidumping duties owed on the entries at issue and was entitled to a refund for the difference between what the company deposited and the assessment rate Commerce established in the first review.

26. In conjunction with the final results of the first review, Commerce calculated specific per-unit, *i.e.*, USD per metric ton, antidumping duty assessment rates on subject CAAS merchandise produced or exported by HARP, now known as Speira, and "imported or sold to" specified entities, either "importer" rates or "importer or customer" rates, including the assessment rate for the particular U.S. customer of the merchandise in the entries at issue in the protests. In other words, the antidumping duty assessment rate was on a per-unit basis and was customer specific. Commerce treated both the per-unit assessment rate and customer name as business proprietary in the liquidation instructions. Herein Plaintiff has treated the information consistently.

27. In accord with its review results, in Message Number 3361407, Commerce instructed CBP to liquidate all entries of subject merchandise for which HARP or Speira was the producer and exporter, that was "imported by or sold to (as indicated on the commercial invoice or Customs documentation)" to the enumerated entities, including the subject merchandise sold-to the U.S. customer for the merchandise in the entries at issue in the protests.

> 1a. For all shipments of common alloy aluminum sheet from Germany produced and exported by either Hydro Aluminum Rolled Products GmbH or Speira GmbH (A-428-849-001), imported by or sold to (as indicated on the commercial invoice or Customs documentation) the firms listed below, and entered, or withdrawn from warehouse, for consumption during the period 10/15/2020 through 03/31/2022, assess an antidumping liability equal to the USD per metric ton amounts listed below unless paragraph 1b or 2 applies:
>
> Importer: [ ]
> USD per metric ton: [ ]

>….
>
>Importer or customer: [ ]
>USD per metric ton: [ ]
>
>…

Message Number 3361407 provided in Appendix A hereto.

    28.    The six-month deemed liquidation period *vis-à-vis* the subject CAAS merchandise entries expired on May 13, 2024. 19 U.S.C. § 1504(d).

    29.    With respect to Protest No. 160124107274, as of May 13, 2024, CBP had not actually liquidated the two entries at issue and, accordingly, the entries were deemed liquidated, which by operation of law, would be with antidumping duties assessed at the deposit rate, with no refund of antidumping duties – despite the fact that the statute requires a refund on overpayments. 19 U.S.C. § 1673f. CBP posted these deemed liquidations on October 1, 2024 via the CBP Official Notice of Extension, Suspension and Liquidation available at https://trade.cbp.dhs.gov/ace/liquidation/LBNotice/

    30.    With respect to Protest No. 16012407281, on May 10, 2024, CBP liquidated, and on June 7, 2024 reliquidated, the twenty-four (24) entries but at an incorrect "importer" rate and not the customer-specific rate for the merchandise in the entries at issue. Consequently, the entries were assessed with antidumping duties in excess, and the full overpayments of the required deposit amounts were not refunded in contravention of the statute, Commerce's regulation, and the liquidation instructions. 19 U.S.C. § 1673f(a)(2); 19 C.F.R. § 351.212(b)(1).

    31.    The entries of subject CAAS merchandise at issue in Protest No. 160124107274 and Protest No. 16012407281 are within the terms of the Commerce instructions to CBP in Message Number 3361407 and should be liquidated in accordance with the customer-specific unit, *i.e.*, USD per metric ton, rate provided in the instructions. *See* 19 U.S.C. § 1675(a)(2),

which provides that Commerce's determination in an antidumping administrative review conducted under 19 U.S.C. § 1675(a)(1) shall be the basis for the assessment of antidumping duties on entries of merchandise covered by the determination.

32. On October 29, 2024, Plaintiff timely filed Protest No. 160124107274. On November 5, 2024, Plaintiff timely filed Protest No. 16012407281. The protests were submitted through the CBP Automated Commercial Environment ("ACE") portal, and with entry documentation, including the commercial invoices, showing the merchandise was sold to the particular customer in the Commerce liquidation instructions to CBP.

33. With each protest, plaintiff also timely submitted an application for further review. 19 C.F.R. § 174.24(b).

34. HARP, now known as Speira protested the liquidation of the entries at issue in Protest No. 160124107274 and Protest No. 16012407281, listed in Appendix B hereto, as not in accordance with the applicable liquidation instructions issued by Commerce to implement the results of the antidumping administrative review, but instead under other, inapplicable antidumping rates. The consequences of CBP's error were substantial and erroneous assessments of excessive antidumping duties on the HARP entries, and denial of a refund for overpayments of deposits of antidumping duties in contravention of law.

35. On April 16, 2025, CBP, erroneously denied Protest No. 160124107274 and Protest No. 16012407281, based upon the liquidation instructions in Message Number 3361407, without applying the correct corresponding customer-specific assessment rate.

36. On June 6, 2025, and June 7, 2025, plaintiff, timely made requests to CBP to 1) set aside the denial of the application for further review and 2) to void the denial of Protest No. 16012407281 and Protest No. 160124107274, respectively. 19 U.S.C. §§ 1515(c) and (d). CBP

9

assigned the request of the Protest No. 160124107274 case number H349130 and Protest No. 16012407281 case number H350724. CBP, however, did not act within 60 days after the request, and the request is considered denied. 19 U.S.C. § 1515(c).

37. On October 6, 2025, Plaintiff filed the instant Summons challenging CBP's decisions to deny Protest No. 160124107274 and Protest No. 16012407281.

## STATEMENT OF THE CLAIMS

## COUNT I

(Incorrect Antidumping Assessment Decision – Customer-Specific Rate)

38. Paragraphs 1 through 37 are adopted and incorporated by reference.

39. The entries of subject CAAS merchandise produced and exported by HARP, now known as Speira, and sold to a U.S. customer are to be liquidated in accordance with the Commerce customer-specific antidumping assessment rate as required by 19 U.S.C. § 1673f(a)(2) and 19 C.F.R. § 351.212(b)(1), as instructed by Commerce to CBP, and not an inapplicable importer rate.

## PRAYER FOR RELIEF

40. WHEREFORE, plaintiff respectfully requests that this Court:

(1) Enter judgment in its favor; and hold CBP is to reliquidate the entries at issue in the protests in accord with the Commerce customer-specific liquidation instructions by the rate for the customer of the merchandise in the entries, and not the incorrect importer rate, and refund the overpayments of the antidumping duty deposits and/or otherwise refund the overpayments to plaintiff together with interest from October 6, 2025, the filing date of the Summons, as provided by 28 U.S.C. § 2644.; and

(2) Award costs, attorneys' fees and other such relief as this Court deems just and proper.

Respectfully submitted,

/s/ Emily Lawson
Emily Lawson
Frank H. Morgan
Edmund W. Sim
APPLETON LUFF
1700 Seventh Avenue
Suite 2100
Seattle, WA 98101
(206) 357-8522
**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(301) 649-2149

*Counsel to Speira GmbH, as successor-in-interest to Hydro Aluminium Rolled Products GmbH*

Dated: October 6, 2025

# Appendix A

Barcode:4485711-01 A-428-849 REV - Admin Review 10/15/20 - 3/31/22

A-428-849
Administrative Review
10/15/2020 – 03/310/2022
Public Version
ITA/E&C/Office IV:  JDH

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 3361407 | **MESSAGE DATE** | 12/27/2023 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | LIQ-Liquidation | **FR CITE** | 88 FR 77556 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 11/13/2023 |
| **CATEGORY ACCESS** | AD | **EFFECTIVE DATE** | 11/13/2023 |
| **TYPE** | Public [ ]   Non-Public [✓] | **POI/POR DATE** | 10/15/2020 - 03/31/2022 |
| **Notice of lifting of Suspension Date** | 11/13/2023 | **PERIOD COVERED** | - |

**SHORT CASE NAME:** Aluminum Sheet

**COURT CASE #s:**

**REF MESSAGE #s:** 1132403

**PRINCIPAL CASE #s:** A428849

**3rd Country CASE #s:**

Filed By: Jonathan Hill, Filed Date: 1/4/24 1:16 PM, Submission Status: Approved

Barcode:4485711-01 A-428-849 REV - Admin Review 10/15/20 - 3/31/22

**RE:** Liquidation instructions for common alloy aluminum sheet from Germany: Hydro Aluminum Rolled Products GmbH/Speira GmbH for the period 10/15/2020 through 03/31/2022 (A-428-849)

Filed By: Jonathan Hill, Filed Date: 1/4/24 1:16 PM, Submission Status: Approved

Barcode:4485711-01 A-428-849 REV - Admin Review 10/15/20 - 3/31/22

This message may not be disclosed to the public.

1a.  For all shipments of common alloy aluminum sheet from Germany produced and exported by either Hydro Aluminum Rolled Products GmbH or Speira GmbH (A-428-849-001), imported by or sold to (as indicated on the commercial invoice or Customs documentation) the firms listed below, and entered, or withdrawn from warehouse, for consumption during the period 10/15/2020 through 03/31/2022, assess an antidumping liability equal to the USD per metric ton amounts listed below unless paragraph 1b or 2 applies:

Importer or customer:  [          ]
USD per metric ton:  [      ]

Importer or customer:  [        ]
USD per metric ton:  [    ]

Importer or customer:  [         ]
USD per metric ton:  [    ]

Importer or customer:  [        ]
USD per metric ton:  [   ]

Importer:  [                ]
USD per metric ton:  [     ]

Importer:  [        ]
USD per metric ton:  [      ]

Importer or customer:  [       ]
USD per metric ton:  [   ]

Importer or customer:  [          ]
USD per metric ton:  [    ]

Importer or customer:  [         ]
USD per metric ton:  [    ]

Importer or customer:  [           ]
USD per metric ton:  [     ]

Such entries may have come in under A-428-849-000.

1b.  If a cash deposit was collected as security for an estimated antidumping duty for any shipment of

merchandise described in paragraph 1a that was entered, or withdrawn from warehouse, for consumption during the period 10/15/2020 through 04/12/2021 assess antidumping duty liabilities equal to the amount resulting from the application of paragraph 1a or equal to the amount of the cash deposit, whichever is less.

1c.  For all shipments of common alloy aluminum sheet from Germany produced by Hydro Aluminum Rolled Products GmbH or Speira GmbH, entered, or withdrawn from warehouse, for consumption during the period 10/15/2020 through 03/31/2022, entered under case number A-428-849-001, and not covered by paragraph 1a, assess antidumping duties at the all-others rate in effect on the date of entry, unless paragraph 1d or 2 applies.

1d.  If a cash deposit was collected as security for an estimated antidumping duty for any shipment of merchandise described in paragraph 1c that was entered, or withdrawn from warehouse, for consumption during the period 10/15/2020 through 04/12/2021, assess antidumping liabilities equal to the all-others rate in effect on the date of entry or equal to the amount of the cash deposit, whichever is less.

2.  Entries for the period 04/13/2021 through 04/25/2021, should be liquidated via message 1132403, dated 05/12/2021.

3.  Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraphs 1a and 1c occurred with the publication of the final results of the administrative review (88 FR 77556, 11/13/2023).  Unless instructed otherwise, for all other shipments of common alloy aluminum sheet from Germany you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at the current rates.

4.  There are no injunctions applicable to the entries covered by this instruction.

5.  The assessment of antidumping duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended.  Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated antidumping duties.  The interest provisions are not applicable to cash posted as estimated antidumping duties before the date of publication of the antidumping duty order.  Interest shall be calculated from the date payment of estimated antidumping duties is required through the date of liquidation.  The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

6.  Upon assessment of antidumping duties, CBP shall require that the importer provide a reimbursement certification in accordance with 19 CFR 351.402(f)(2) and as described under this paragraph:
a. The importer must certify with CBP prior to liquidation (except as provided below) whether the importer has or has not been reimbursed or entered into any agreement or understanding for the

payment or for the refunding to the importer by the manufacturer, producer, seller, or exporter for all or any part of the antidumping and/or countervailing duties, as appropriate.  Such certification should identify the commodity and country and contain the information necessary to link the certification to the relevant entry or entry line number(s).

b.  The certification may be filed either electronically or in paper in accordance with CBP's requirements, as applicable.

c.  If an importer does not provide its certification prior to liquidation, CBP may accept the certification in accordance with its protest procedures under 19 U.S.C. 1514, unless otherwise directed.

d.  Certifications are required for entries of the relevant commodity that have been imported on or after the date of publication of the antidumping notice in the Federal Register that first suspended liquidation in that proceeding.

e. Consistent with 19 CFR 351.402(f)(3), if an importer fails to file the certification, Commerce may presume that the importer was paid or reimbursed the antidumping or countervailing duties. Therefore, if the importer does not provide the certification prior to liquidation (or as provided above), reimbursement of the duties shall be presumed.  Accordingly, if there is no certification with respect to the antidumping duty, CBP shall increase the antidumping duty by the amount of the antidumping duty.  In addition, if there is no certification with respect to any applicable countervailing duty, CBP shall increase the antidumping duty by the amount of the countervailing duty.  Further, if the importer certifies that it has an agreement with the manufacturer, producer, seller, or exporter, to be reimbursed antidumping duties, CBP shall increase the antidumping duty by the amount of the antidumping duty.  In addition, if the importer certifies that it has an agreement with the manufacturer, producer, seller, or exporter, to be reimbursed any applicable countervailing duties, CBP shall increase the antidumping duty by the amount of the countervailing duty.

7.  This instruction to liquidate entries covered by this message does not limit CBP's independent authority, including its authority to suspend, continue to suspend, or extend liquidation of entries addressed by this message.  Accordingly, CBP should examine all entries for which this message directs liquidation to determine whether any such entries are subject to suspension, continued suspension, or extension of liquidation pursuant to CBP's independent authority (e.g., Enforce and Protect Act under section 517 of the Tariff Act of 1930, as amended).  If entries of subject merchandise covered by this message are subject to suspension, continued suspension, or extension of liquidation pursuant to CBP's own authority, CBP port officials should follow CBP's internal procedures with respect to continuing any suspension, the lifting of suspension, and/or continuing any extension of liquidation for such entries.

8.  If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984.  CBP ports should submit their inquiries through authorized CBP channels only.  (This message was generated by OIV:  JDH.)

9.  This message may not be disclosed to the public.

**Filed By: Jonathan Hill, Filed Date: 1/4/24 1:16 PM, Submission Status: Approved**

Barcode:4485711-01 A-428-849 REV - Admin Review 10/15/20 - 3/31/22

Alexander Amdur

Barcode:4485711-01 A-428-849 REV - Admin Review 10/15/20 - 3/31/22

Filed By: Jonathan Hill, Filed Date: 1/4/24 1:16 PM, Submission Status: Approved

# Appendix B

Appendix B

Protest No. 160124107274
Filed October 29, 2024
Denied April 16, 2025

| No. | Entry Summary No. | Entry Date | Entry Type Code | CBP Center | Liquidation Date |
|---|---|---|---|---|---|
| 1 | ALB00686213 | 12/1/2020 | 21 | CEE005 - Base Metals | 5/13/2024 |
| 1 | ALB00686239 |  | *34* | CEE005 - Base Metals | 5/13/2024 |
| 1 | ALB00684689 |  | *34* | CEE005 - Base Metals | 5/13/2024 |
| 1 | ALB00687567 |  | *34* | CEE005 - Base Metals | 5/13/2024 |
| 2 | ALB00687583 | 12/8/2020 | 21 | CEE005 - Base Metals | 5/13/2024 |
| 2 | ALB00688169 |  | *34* | CEE005 - Base Metals | 5/13/2024 |

Protest No. 160124107281
Filed November 5, 2024
Denied April 16, 2025

| No. | Entry Summary No. | Entry Date | Entry Type Code | CBP Center | Liquidation Date | Re-Liquidation Date |
|---|---|---|---|---|---|---|
| 1 | ALB00679812 | 10/20/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 2 | ALB00679978 | 10/22/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 3 | ALB00680380 | 10/26/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 4 | ALB00681180 | 10/29/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 5 | ALB00681552 | 11/04/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 6 | ALB00681784 | 11/02/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 7 | ALB00681792 | 11/02/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 8 | ALB00681800 | 11/02/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 9 | ALB00682287 | 11/07/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 10 | ALB00682295 | 11/10/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 11 | ALB00682485 | 11/10/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 12 | ALB00683368 | 11/16/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 13 | ALB00683376 | 11/16/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 14 | ALB00684424 | 11/20/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 15 | ALB00685900 | 11/30/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 16 | ALB00685934 | 11/30/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 17 | ALB00687104 | 12/05/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 18 | ALB00687526 | 12/11/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 19 | ALB00687559 | 12/08/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 20 | ALB00687641 | 12/08/2020 | 03 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 21 | ALB00679721 | 10/20/2020 | 21 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 21 | ALB00683178 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 21 | ALB00680737 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 22 | ALB00680356 | 10/27/2020 | 21 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 22 | ALB00682212 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 22 | ALB00683160 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 23 | ALB00680760 | 10/27/2020 | 21 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 23 | ALB00683186 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 23 | ALB00682220 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 24 | ALB00681776 | 11/02/2020 | 21 | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 24 | ALB00683152 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |
| 24 | ALB00681917 |  | *34* | CEE005 - Base Metals | 5/10/2024 | 6/7/2024 |